STATE OF LOUISIANA

VERSUS

RONALD GASSER

NO. 18-KA-531

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON REMAND FROM THE LOUISIANA SUPREME COURT
AN APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-7108, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING


July 15, 2020


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson


<u>**CONVICTION AND SENTENCE VACATED; MATTER REMANDED**</u>
    **RAC**
    **FHW**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Terry M. Boudreaux
    Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLANT,
RONALD GASSER
    Dane S. Ciolino

**CHAISSON, J.**

This case is presently before this Court pursuant to a remand by the Louisiana Supreme Court "for further proceedings and to conduct a new error patent review" in light of *Ramos v. Louisiana*, 590 U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).[1]  *State v. Gasser*, 19-1220 (La. 6/3/20), --- So.3d ---, 2020 WL 3424001 (*per curiam*).  Previously, this Court affirmed defendant's conviction for manslaughter and his sentence of thirty years imprisonment at hard labor.  The guilty verdict was non-unanimous with ten of twelve jurors voting to convict. *State v. Gasser*, 18-531 (La. App. 5 Cir. 7/3/19), 275 So.3d 976.  For the following reasons, and in accordance with the Louisiana Supreme Court's directive on remand, we find that defendant is entitled to a new trial.  We therefore vacate defendant's conviction and sentence and remand the matter for further proceedings consistent with this opinion.

## ANALYSIS

As noted in this Court's previous opinion, defendant was charged, by grand jury indictment, with second degree murder, in violation of La. R.S. 14:30.1. Following trial by a twelve-person jury, defendant was convicted of the lesser included offense of manslaughter.  The penalty provision for the charged offense of second degree murder provides for a mandatory penalty of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.  La. R.S. 14:30.1(B).  Since the punishment for this offense is necessarily confinement at hard labor, defendant had to be tried before a twelve-person jury.  *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782.[2]

---

[1] The order of remand provided: "If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review.  *See* La. C.Cr.P. art. 920(2)."

[2] Both La. Const. Art. I, § 17 and La. C.Cr.P. art. 782(A) currently provide, in pertinent part, that a case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor, shall be tried by a jury of twelve persons, ten of whom must concur to render a verdict, and that a case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor, shall be tried by a jury of twelve persons, all of whom must concur to render a verdict.

Non-unanimous jury verdicts were previously allowed under both La. Const. Art. I, § 17 and La. C.Cr.P. art. 782, and the circumstances of the instant case. In defendant's appeal before this Court, he argued the unconstitutionality of non-unanimous jury verdicts.[3] Based on the law in effect at that time, this Court found no merit to defendant's challenge. *State v. Gasser*, 275 So.3d at 998.

However, subsequent to this Court's opinion affirming defendant's conviction and sentence and while defendant's writ application challenging this Court's opinion was pending in the Louisiana Supreme Court, the United States Supreme Court handed down its decision in *Ramos v. Louisiana*, *supra*. Therein, the United States Supreme Court found that the Sixth Amendment right to a jury trial, as incorporated against the States by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.[4] The Court concluded:

> There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally. This Court has long explained that the Sixth Amendment right to a jury trial is "fundamental to the American scheme of justice" and incorporated against the States under the Fourteenth Amendment. This Court has long explained, too, that incorporated provisions of the Bill of Rights bear the same content when asserted against States as they do when asserted against the federal government. So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court.
>
> (Footnotes omitted). *Ramos*, 140 S.Ct. at 1397.

Based on *Ramos* and the fact that the instant case is still on direct review, we find that since the verdict resulting from defendant's jury trial was not unanimous for this serious offense, defendant is entitled to a new trial.

---

[3] In his appeal, defendant also raised as error the sufficiency of the evidence to convict, which this Court rejected as having no merit. *State v. Gasser*, 275 So.3d at 983-990.

[4] For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. *See generally Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); *Hill v. Louisiana*, 2013 WL 486691 (E.D. La. 2013).

## CONCLUSION

Accordingly, in light of the United States Supreme Court's decision in *Ramos* and the circumstances of this case, we vacate defendant's conviction and sentence and remand the matter to the trial court for further proceedings consistent with this opinion.

**CONVICTION AND SENTENCE
VACATED; MATTER REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
<u>JULY 15, 2020</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 18-KA-531

### <u>E-NOTIFIED</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)          TERRY M. BOUDREAUX (APPELLEE)          THOMAS J. BUTLER (APPELLEE)
DANE S. CIOLINO (APPELLANT)            COLIN CLARK (OTHER)

### <u>MAILED</u>
HONORABLE JEFFREY M. LANDRY (OTHER)    ELIZABETH BAKER MURRILL (OTHER)        MICHELLE W. GHETTI (OTHER)
ATTORNEY GENERAL                       SOLICITOR GENERAL                      DEPUTY SOLICITOR GENERAL
LOUISIANA DEPARTMENT OF JUSTICE        LOUISIANA DEPARTMENT OF JUSTICE        LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET                  POST OFFICE  BOX 94005                 POST OFFICE BOX 94005
6TH FLOOR, LIVINGSTON BUILDING         BATON ROUGE, LA 70804                  BATON ROUGE, LA 70804
BATON ROUGE, LA 70802

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053